IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 3:05-cr-113-L-BT |
| | § | |
| CLYDE DALE EVANS (03) | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Defendant Clyde Dale Evans has filed a motion for reconsideration of the district court's order denying his motion to reduce sentence. (ECF No. 288.) For the following reasons, the Court should DENY the motion.

I.

Defendant seeks a reduction of his sentence under 18 U.S.C. § 3582(c) based on Amendment 782 of the Sentencing Guidelines. The district court previously reduced Defendant's sentence based on Amendment 782 from 188 months to 170 months. (ECF No. 258.) On January 24, 2018, Defendant filed a motion seeking a further reduction of his sentence based on the expungement of a disciplinary case and the poor health of his mother who is raising his son. (ECF No. 266.) On March 8, 2018, the district court denied that motion. (ECF No. 269.)

1

Here, Defendant again argues that his sentence should be reduced due to the expungement of his disciplinary case and the poor health of his mother. The district court has determined that these factors do not entitle him to a further reduction of his sentence, and that Defendant's sentencing range has not been further lowered by any changes to the Sentencing Guidelines since his sentence was previously reduced. Therefore, Defendant's motion should be denied.

## II.

The Court recommends that the motion for reconsideration, (ECF No. 288), be DENIED.

Signed October 22, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## **INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).